UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARLOS A. McGREW (#413135)                                    CIVIL ACTION

VERSUS

DR. JONATHAN ROUNDTREE, ET AL.                                NO. 09-0859-RET-CN

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 3, 2010.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CARLOS A. McGREW (#413135)**                              **CIVIL ACTION**

**VERSUS**

**DR. JONATHAN ROUNDTREE, ET AL.**                          **NO. 09-0859-RET-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss Official Capacity Claims, rec.doc.no. 30. This motion is not opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Dr. Jonathan Roundtree, E.M.T. Mike Thomas, E.M.T. Anthony McCoy, E.M.T. Boeker, and Officers Huey Pidgeon, Mark Allen, Joseph Russell and Greg Eirick, complaining that the defendants violated his constitutional rights on April 1, 2009, through excessive force on that date and through deliberate indifference to his serious medical needs thereafter.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, _____ U.S. _____, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged."  Id.  The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra.  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra.  See also Bell Atl. Corp. v. Twombly, supra.  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In the instant motion, the defendants correctly point out that the plaintiff, in his original and first Amended Complaint, failed to indicate whether he was suing the defendants in their individual or their

official capacities.  This discrepancy has since been cleared up in the plaintiff's second Amended Complaint, rec.doc.no. 19, wherein he makes clear that he is suing the defendants in both capacities, but inasmuch as the defendants have not yet been served with that Amended Complaint, they have not addressed same.  In any event, it is the usual practice of this Court, when a pro se plaintiff has failed to indicate in what capacity he has sued the defendants, to interpret the Complaint liberally as naming the defendants in both capacities.  See Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  Accordingly, it is appropriate to address the defendants' assertion that the plaintiff's claims for monetary damages asserted against them in their official capacities should be dismissed.

The Eleventh Amendment to the United States Constitution prohibits the bringing of a lawsuit in federal court against a state, its agencies, or persons acting as official representatives thereof.  In Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity suits and individual capacity suits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.[1]

---

[1] In comparison, a suit against a state official in his individual or personal capacity, seeking to impose individual liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state.  Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit.  Id.  Further, a state official in his or her official capacity, when sued for injunctive relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state.  Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989).  See also 15 Am.Jur.2d Civil Rights § 101.  Accordingly, inasmuch as the plaintiff has prayed for injunctive relief in his second Amended Complaint, rec.doc.no. 19, the Court will not dismiss this aspect

<u>Id.</u>  Accordingly, the defendants' motion is well-taken, and the plaintiff's claims for monetary damages asserted against the defendants in their official capacities should be dismissed.

**RECOMMENDATION**

It is recommended that the defendants' Motion to Dismiss Official Capacity Claims, rec.doc.no. 30, be granted in part, dismissing the plaintiff's claims for monetary damages asserted against the defendants in their official capacities, and that this matter be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, June 3, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

of the plaintiff's official capacity claim.