UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARLOS A. McGREW (#413135)                                CIVIL ACTION

VERSUS

DR. JONATHAN ROUNDTREE, ET AL.                            NO. 09-0859-RET-CN

R U L I N G

This matter comes before the Court on subpoenas forwarded to the Clerks' Office by the plaintiff, pursuant to which he apparently seeks to obtain documentation in the possession of persons who are not parties to this proceeding. The Court will not, however, absent a motion for leave, absent a showing of cause why such discovery is warranted, and absent compliance with the Federal Rules of Civil Procedure, compel such production. Accordingly, the referenced subpoenas shall not be filed into the record. To the extent that the plaintiff may wish to obtain copies of documents or materials in the possession of third parties, he may seek to do so by filing a motion for leave to conduct such discovery and by complying with the discovery rules outlined in the Federal Rules of Civil Procedure. These Rules allow for production, inspection and/or copying, in advance of trial, of materials in the possession or control of non-parties. Fed.R.Civ.P. 34 and 45. Pursuant to these Rules, a subpoena may be issued to a non-party, compelling the non-party to produce, at a specific time and place, documents or things which are explicitly and definitively identified in the subpoena. However, although the plaintiff has been granted in forma pauperis status herein, he is not entitled to such discovery at public expense, and if he seeks to pursue such discovery, he must make arrangements for advance payment to the United States Marshal's Office of the fees and costs for service of the subpoenas, and he must be willing and able to bear any witness fees and the expense of making copies of the requested materials at the

time and place delineated for production. The plaintiff cannot expect the Court, opposing counsel or the producing party to provide copying facilities or to bear the cost of copying voluminous documentation or videotape evidence. Although the Court recognizes that these requirements may present an insurmountable burden to the incarcerated plaintiff, there are no reasonable alternatives which would accommodate the needs of the public and the parties at this time.

Based upon the foregoing,

**IT IS ORDERED** that the plaintiff's subpoenas shall not be filed into the record of this proceeding and, in the absence of a motion for leave, the Court does not authorize the non-party discovery sought by the plaintiff herein.

Signed in chambers in Baton Rouge, Louisiana, July 8, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**