**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CARLOS A. McGREW (#413135)**                               **CIVIL ACTION**

**VERSUS**

**DR. JONATHAN ROUNDTREE, ET AL.**                          **NO. 09-0859-RET-CN**

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Compel, rec.doc.no. 127, pursuant to which he seeks to compel the defendants to produce (1) the "plaintiff's entire personal medical files", (2) the "S.S.G.T ... and P.P.C.T. manual[s] used by Tact-team/Cell Extraction members (when applying force)", and (3) a "supplemental A.R.P. with (7) Exhibits" that he allegedly filed in May, 2009.

This motion shall be denied. The discovery deadlines in this case have elapsed, with the last responses by the defendants to discovery having been filed in October, 2010. This motion, therefore, filed almost three months later, comes too late. Further, in connection with the plaintiff's individual requests, (1) the Court notes that it has previously concluded, in response to a prior motion filed by the plaintiff, rec.doc.no. 48, that a request for more than ten (10) years of his medical records was not discoverable, see rec.doc.no. 55,[1] (2) the plaintiff has not identified the documents he refers to as the "S.S.G.T."

---

[1] This case involves a claim of alleged excessive force occurring on a single date in April, 2009, followed by alleged deliberate indifference to the plaintiff's serious medical needs thereafter. In response to this claim, the defendants have produced the plaintiff's medical records dating from April 1, 2009, to January 28, 2010. Although the plaintiff asserts that the defendants "have purposely withheld pertinent [medical] documents", he has provided no support for this conclusory assertion, and he has not explained why the medical records heretofore produced by the defendants are not adequate.

and "P.P.C.T" manuals, nor has he directed the Court to where in the voluminous record these manuals have previously been requested or referred to, and the Court is not inclined to peruse the record for this purpose, and (3) in the event that the plaintiff in fact submitted a supplemental grievance, with exhibits, to prison officials in May, 2009, it was incumbent upon him to retain a copy thereof, and the Court will not direct the defendants to produce a copy of same.  Accordingly,

    **IT IS ORDERED** that the plaintiff's Motion to Compel, rec.doc.no. 127, be and it is hereby **DENIED**.

    Signed in chambers in Baton Rouge, Louisiana, March 3, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**