UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARLOS A. McGREW (#413135)                                CIVIL ACTION

VERSUS

DR. JONATHAN ROUNDTREE, ET AL.                            NO. 09-0859-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, December 7, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CARLOS A. McGREW (#413135)**                                     **CIVIL ACTION**

**VERSUS**

**DR. JONATHAN ROUNDTREE, ET AL.**                                 **NO. 09-0859-JJB-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion for Summary Judgment of the remaining defendants in this case, rec.doc.no. 180. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Msgt. Huey Pidgeon, Capt. Marks Allen, Lt. Joseph Russell, Msgt. Greg Eirick, Dr. Jonathan Roundtree, E.M.T. Aurielle Boeker, E.M.T. Mike Thomas, and E.M.T. Anthony McCoy, complaining that the defendants violated his constitutional rights on April 1, 2009, through excessive force on that date and through deliberate indifference to his serious medical needs thereafter. Pursuant to earlier Magistrate Judge's Reports in this case, approved by the District Judge on August 24, 2010, and May 9, 2011, respectively, see rec.doc.nos. 82, 121, 149 and 171, all of the plaintiff's claims have been dismissed except his claim asserted against defendants Huey Pidgeon, Marks Allen, Joseph Russell and Greg Eirick, in the defendants' individual capacities, for monetary damages resulting from the defendants' alleged use of force on April 1, 2009.

The defendants now move for summary judgment, relying upon the pleadings, a Statement of Uncontested Facts, certified copies of excerpts from the plaintiff's medical records, color photographs taken of the plaintiff's injuries on April 3, 2009, three (3) disciplinary reports dated April 1, 2009, prepared by defendant Marks Allen and officers Joseph Barr and Mark Dobbins, charging the plaintiff with Defiance and

Aggravated Disobedience, LSP Directive No. 09-002 (relative to "Use of Force"), Department Regulation No. C-02-006 (relative to "Use of Force"), Responses by the defendants to discovery, an investigative report and associated documentation dated April 15, 2009, prepared in connection with the plaintiff's claim of a sexual assault, and the affidavits of defendants Jonathan Roundtree (together with a copy of defendant Roundtree's Curriculum Vita), Marks Allen and Huey Pidgeon.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. Anderson, supra. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, supra. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. Little, supra, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the

Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

As pertinent to the remaining issue before the Court, the plaintiff alleges in his Complaint, as amended, that on April 1, 2009, defendants Pidgeon, Allen, Russell and Eirick conducted a cell entry in order to remove the plaintiff from his cell. The plaintiff asserts that when the defendants entered his cell, he was sitting on his bunk and offering no resistance or provocation, but the defendants nonetheless "brutally attacked & beat" him while he was "curled up into a fetal-like position". The plaintiff further complains that even after the defendants placed him in restraints, they continued to beat him, and one member of the cell-entry team allegedly utilized a wooden baton in an attempt to "'sodomize' plaintiff through his jumpsuit" while another member "grabbed/yanked on his genitals".

In response to the plaintiff's allegations, the defendants contend that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, they contend that the plaintiff has failed to produce sufficient evidence of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated

were clearly established.  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  Id.  In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated in any violation of his constitutional rights.[1]

Undertaking the qualified immunity analysis with respect to the plaintiff's claim of excessive force, the Court concludes that the defendants' motion should be denied and that the plaintiff's allegations and evidentiary showing are sufficient to overcome the assertion of qualified immunity.

Force is excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.  Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).  Not every malevolent action by a prison guard, however, gives rise to a federal cause of action.  The Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that such force is not of a sort "repugnant to

---

[1] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory.  Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).  Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

the conscience of mankind." Hudson v. McMillian, supra. While an inmate-plaintiff need not show a significant injury to prevail on a claim of excessive force, a necessary element of an excessive force claim is proof of some injury resulting from the use of such force. Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d 688 (1993). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra. In addition, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. The test is whether the observing officer had actual knowledge of a substantial risk of harm to the inmate yet disregarded that risk by failing to take reasonable measures to prevent the resulting harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Applying the foregoing standard, the Court finds that there are disputed questions of material fact which preclude the grant of summary judgment in connection with this claim. The disciplinary reports submitted as exhibits by the defendants suggest that shortly before the incident complained of, the plaintiff threw his food tray out of his cell and against the tier wall. When a security officer thereafter approached the plaintiff in order to place the plaintiff in restraints, the plaintiff reportedly threw a cup of liquid at the officer, hitting the officer in the face and chest. This cup was later determined to contain urine. A second security officer then approached and again instructed the plaintiff to come to the bars of his cell and allow himself to be

restrained. When the plaintiff refused these orders, a brief application of irritant spray was apparently utilized in an attempt to obtain the plaintiff's compliance. When the plaintiff continued to refuse to come to the bars of his cell, a cell-entry team was assembled, consisting of defendants Pidgeon, Allen, Russell and Eirick, who arrived at the plaintiff's cell tier to take control of the situation. According to the defendants, they again requested the plaintiff's compliance prior to entering the cell, but he again refused and reportedly challenged them to "bring it on". The defendants contend that, as a result, they entered the plaintiff's cell but utilized only reasonable and necessary force to obtain the plaintiff's compliance while he fought against them. Specifically, the affidavits of defendants Pidgeon and Allen attest that defendant Pidgeon wielded an electronic capture shield, and that defendant Allen wielded a baton, administering no more than "several strikes to the [plaintiff's] common peronial area," which is an area located approximately an inch below the knee.

Notwithstanding the defendants' assertions, the plaintiff has provided sworn statements attesting that, when the defendants entered his cell, he was sitting on his bunk and was not making any disturbance. He further attests that, upon their entry, he lay on his bed, curled in a fetal position, and offered no resistance to the defendants. He asserts that, notwithstanding, the defendants proceeded to beat him severely with riot batons, and continued to do so even after he was placed in restraints, causing the injuries of which he complains in this proceeding. In the Court's view, these competing sworn assertions are not susceptible of resolution on a paper record. For one thing, much of the defendants' evidentiary showing is not properly before the Court. Specifically, the discovery responses relied upon by the defendants are, for the most part, not signed by the defendants, not notarized, and not sworn under penalty of perjury. Further, pertinent documentary exhibits,

*i.e.*, the referenced disciplinary reports and investigative documents prepared in connection with the incident, are neither certified nor supported by appropriate foundational affidavits. Accordingly, these documents may not be considered by the Court in support of the defendants' motion.[2] Further, the only sworn statements submitted by the defendants which directly address the blows apparently inflicted upon the plaintiff on April 1, 2009, are the affidavits of defendant Pidgeon and Allen, who attest that defendant Pidgeon only utilized the electronic capture shield and that defendant Allen administered no more than "several strikes to the [plaintiff's] common peronial area" with his baton. Were this the extent of the force utilized, this would not explain the injuries which the plaintiff allegedly suffered during the incident, which injuries are objectively visible in photographs of the plaintiff's body taken two days later and which injuries are described in his medical records as being a fractured toe and "multiple bruises to [right] posterior lateral chest wall and various [indecipherable] bruises to arms and legs [and] [m]oderate swelling to [right] foot." The Court does not agree with the defendants' characterization of these injuries as minor and, in any event, it is clear that the absence of severe injuries is not alone determinative of a plaintiff's claim of excessive force. A recent decision of the United States Supreme Court makes clear

---

[2] "To be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'... A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542 (9th Cir. 1989). See also Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547 (5th Cir. 1987) ("Unsworn documents are ... not appropriate for consideration [on motion for summary judgment]"); Moffett v. Jones County, 2009 WL 1515119 (S.D. Miss., June 1, 2009) ("The records are not certified ... nor sworn in any way, thus they are inadmissible"); Rizzuto v. Allstate Ins. Co., 2009 WL 1158677 (E.D. La., April 27, 2009) (same); 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2722 (3rd ed. 1998).

that it is not the degree of injury which determines the viability of a claim of excessive force, but rather whether the force was "applied maliciously and sadistically to cause harm", thereby offending "contemporary standards of decency". Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010), citing Hudson v. McMillian, supra. Although "the extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation," and "may also provide some indication of the amount of force applied", an inmate who has been subjected to the gratuitous use of force by prison officials "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Id. Accordingly, on this showing, or lack thereof, and based on the standard set forth in the Wilkins case, supra, the Court finds that there are disputed issues of material fact which preclude the grant of summary judgment as to the plaintiff's claim of excessive force.[3]

---

[3] The Court does not deem it appropriate to treat the plaintiff's claim of an alleged sexual assault occurring during the cell-entry as a separate and distinct claim of excessive force, independent of other force utilized during the incident. It is undisputed that the force utilized against the plaintiff on April 1, 2009, occurred during the single operation of entering the plaintiff's cell and placing him in restraints on that date. The sole relevance of the alleged sexual nature of the assault, therefore, if any, will be as to whether the force utilized against him was excessive, maliciously applied, or of a sort "repugnant to the conscience of mankind." See Copeland v. Nunan, 250 F.3d 743 (5th Cir. 2001), citing Schwenk v. Hartford, 204 F.3d 1187 (9th Cir. 2000), and Boddie v. Schnieder, 105 F.3d 857 (2nd Cir. 1997). Even the plaintiff admits that the alleged attempt by the defendants to insert a baton into his rectum was unsuccessful and that, as a result, the damage done was "only minimal in comparison", allegedly causing only pain in and around the anal cavity and difficulty using the bathroom. See rec.doc.no. 95.

**RECOMMENDATION**

It is recommended that the defendants' Motion for Summary Judgment, rec.doc.no. 180, be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, December 7, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**