UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CARLOS MCGREW (#413135)                CIVIL ACTION

VERSUS
                                       NO. 09-859-SDD-SCR
DR. JONATHAN ROUNDTREE, ET AL.

**RULING**

Before the Court are several motions filed by the Plaintiff, Carlos McGrew, including his *Motion to Compel*,[1] *Motion for Issuance of Subpoena to Defendants to Produce Tangible Objects*,[2] *Motion in Limine*,[3] *Motion for In Camera Inspection and Issuance of Order to Subpoena Witnesses for Civil Trial*,[4] and *Motion for Production of Documents, Trial Exhibits, and Other Tangible Objects and Request for Second Pretrial Conference Hearing*.[5]  Some of the motions have been opposed.  The Court will address each of the Plaintiff's motions individually in turn.

Plaintiff's *Motion to Compel* is DENIED.[6]  In the Magistrate Judge's November 27, 2012 *Ruling*[7], the Magistrate converted Plaintiff's original *Motion for Production of Documents, Exhibits, Tangible Objects and Other Pertinent Information Relevant to Upcoming Civil Trial, etc.*[8] to a request for interrogatories

---

[1] Rec. Doc. 225.
[2] Rec. Doc. 228.
[3] Rec. Doc. 227.
[4] Rec. Doc. 229.
[5] Rec. Doc. 230.
[6] Rec. Doc. 225.
[7] Rec. Doc. 218.
[8] Rec. Doc. 226.

1

and request for production of documents. The Magistrate noted that the Defendants should file their responses or objections as permitted under Rules 33 and 34 of the Federal Rules of Civil Procedure. Plaintiff contends that Defendants did not comply with the Rules, or respond to his subsequent request dated February 13, 2013.[9] After reviewing the Record[10] and the June 20, 2012 Supplemental Pre-Trial Order, Plaintiff was instructed that (1) the discovery deadlines have lapsed in this matter; and (2) the proper method for seeking the production of documents is either through stipulation with Defense counsel or by motioning the Court for a subpoena. Accordingly, Plaintiff's *Motion to Compel* is DENIED.

Plaintiff's *Motion for Issuance of Subpoena to Defendants to Produce Tangible Objects*[11] is GRANTED IN PART and DENIED IN PART. Plaintiff's motion seeks the production of several items, including (1) SSGT Manual/PPCT Manual; (2) one full set of tactical gear; (3) the actual weapons used during the cell entry; (4) employee civil service files and arrest or criminal records for each of the Defendants; (5) the original or duplicate memory card from the digital camera used to take the photographs of Plaintiff's body after the alleged incident; and (6) the last known mailing address for certain persons Plaintiff plans on calling as witnesses. Defendants have filed an opposition to Plaintiff's motion.[12]

---

[9] Sworn Declaration in Support of Granting Motion to Compel (Discovery), Rec. Doc. 225-1.
[10] See Order Denying Motion to Stay and for Additional Discovery. Rec. Doc. 146 and 165.
[11] Rec. Doc. 228.
[12] Rec. Doc. 232.

2

At the outset, the Court notes that, after reviewing the record, it is very clear that Plaintiff is attempting to circumvent earlier discovery orders issued by this Court. On at least two prior occasions, this Court denied Plaintiff's request for the S.S.G.T. and P.P.C.T. manuals.[13] The Court affirms those prior rulings today and DENIES Plaintiff's requests for the production of these manuals at trial.

Defendants object to Plaintiff's request for the production of tactical gear and the actual equipment used by the cell extraction team in the April 1, 2009 incident giving rise to Plaintiff's *Complaint*. Defendants object to the relevancy of these items. Rule 401 of the Federal Rules of Evidence provides that "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is a consequence in determining the action." In this case, Plaintiff's claim is one of excessive force. Therefore, the Court will GRANT in PART and DENY in PART Plaintiff's request. As to Plaintiff's request for the full set of tactical gear, Plaintiff's request is DENIED. Plaintiff's motion is GRANTED as to the **production of photographs** of the actual weapons, specifically the wooden stick, electronic capture or shock shields, retractable riot batons, and electricity emitting baton, used during the cell entry; since the case involves allegations of excessive force, the equipment allegedly used on the Plaintiff during the cell entry is relevant. Defendants are

---

[13] See Rec. Docs. 146 and 165 (untimely discovery request).

3

ordered to produce photographs of the "weapons" used during the cell entry on April 1, 2009 involving the Plaintiff.

Plaintiff's request for the production of employee civil service files is a duplicative request that has been answered by Defendants wherein they stated there are no responsive documents to Plaintiff's request.[14]  Furthermore, the Court finds that the arrest or criminal records and "any/all inmate grievance forms (A.R.P.'s) filed against each of the Defendants involving allegations of sexual assault, excessive force, fraud, dishonesty, or other misconduct" is overly broad, irrelevant, and untimely.  Therefore, Plaintiff's requests for production as to the production of each of the Defendant's individual civil service files, arrest or criminal actions and "any/all inmate grievance forms" are DENIED.  Accordingly, Plaintiff's *Motion for Issuance of Subpoena to Defendants to Produce Tangible Objects*[15] is GRANTED IN PART and DENIED IN PART.

Plaintiff's *Motion in Limine*[16] is GRANTED IN PART and DENIED IN PART.  "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstances that may not develop at trial."[17]  Here, Plaintiff seeks to limit the Defendants' ability to rely on his prison conduct record for the year 2009.[18]  Instead, Plaintiff argues that the only relevant rule violation reports are

---

[14] Rec. Doc. 106.
[15] Rec. Doc. 228.
[16] Rec. Doc. 227.
[17] Collins v. Wayne Corp. 621 F.2d 777, 784 (5th Cir. 1980).
[18] A review of the Supplemental Pretrial Order provides that the Defendants sought to rely on Plaintiff's conduct record for the time period of January 2009 through January 2010 for impeachment purposes. The Supplemental Pretrial Order does not reflect that the scope was narrowed by the Magistrate, contrary to Plaintiff's assertion otherwise. See, Rec. Doc. 214.

4

those from the date of the cell extraction on April 1, 2009. The Court hereby DENIES Plaintiff's request to narrow the scope of his disciplinary proceedings at this time; however, Plaintiff may have the opportunity to re-urge this objection at the time of the trial for reconsideration by the Court.

Although Plaintiff contends otherwise, the Court finds that Plaintiff's mental health report is relevant. Plaintiff has alleged that Defendants' actions caused him to suffer several mental conditions. Plaintiff's mental health record may contain evidence to controvert the claim that Plaintiff's physical and emotional injuries were caused by the Defendants.[19] Therefore, the Court finds the probative value of evidence of Plaintiff's mental health record is not only relevant, but it also substantially outweighs the danger of any unfair prejudice to Plaintiff (Rule 403 of the Federal Rules of Evidence), and the Court will not exclude such evidence.

Finally, although Plaintiff admits that the "Allegation of Staff Sexual Assault" investigative report prepared by Michael G. Vaughn is relevant, he seeks to have certain portions of the investigative report held inadmissible because it is character evidence, inflammatory, and prejudicial. In particular, Plaintiff seeks to exclude portions of the report that reference the following: when he arrived at Angola, his conviction, and sentence; information about where the alleged incident occurred, specifically Camp "J"; description of Camp "J" and brief explanation why inmates reside at Camp "J"; information about Plaintiff's refusal

---

[19] See, e.g., *Morris v. Long*, 88 Fed. R. Evid. Serv. 317, at *4 (E.D.Ca. 2012).

to receive medical attention on April 1, 2009; information about disciplinary reports filed against Plaintiff on April 1, 2009; brief discussion about personal injury report filed by Defendant Dobbins regarding need to have his eyes and mouth flushed on April 1, 2009 after Plaintiff had thrown urine on him. Pursuant to Rule 403 of the Federal Rules of Evidence, "[t]he court may exclude evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Paragraph 4 on page 1 and Paragraph 2 (first full paragraph) on Page 5 of the report referencing the number of times that Plaintiff has been "written up" since August 3, 1999 shall be excluded as his disciplinary record has already been limited to January 1, 2009 until April 2, 2009.

As for Plaintiff's felony conviction, Rule 609(a) permits the admission of convictions as evidence in limited circumstances "to attack a witness's character for truthfulness."[20] Therefore, this portion of the investigative report may be used for impeachment purposes under Rule 609(a)[21] such that Defendants may cross examine Plaintiff concerning the fact that he is a convicted felon; however, they may not elicit details about the nature of the offense. However, the Court finds that the remaining portions of the investigative report are relevant.

For instance, to the extent that Plaintiff seeks to exclude the report regarding his refusal to seek medical treatment on April 1, 2009, such information goes directly to damages Plaintiff seeks to recover for his pain and suffering.

---

[20] Fed.R. Evid. 609(a).
[21] Because Plaintiff's conviction occurred over ten (10) years ago, Rule 609(b) is inapplicable.

Furthermore, to prevail on an Eighth Amendment claim of excessive force, a plaintiff must establish that the force was not applied in a good faith effort to maintain or restore discipline, but, rather, maliciously and sadistically to cause harm.[22] The remaining portions of the investigative report that Plaintiff seeks to exclude go directly to the circumstances surrounding the April 1, 2009 cell extraction and to some of the *Hudson* factors—the need for the application of force and the threat reasonably perceived by the responsible officials—that are relevant in the inquiry of whether unnecessary and wanton infliction of pain was used in violation of the prisoner's eighth amendment rights.[23] Accordingly, the Court GRANTS IN PART and DENIES IN PART, Plaintiff's *Motion in Limine*.

The Court DENIES AS MOOT Plaintiff's *Request for In Camera Inspection and Issuance of Order to Subpoena Witnesses for Civil Trial*[24] as the Court has already issued an *Order* directing the United States Marshall to serve those non-Defendants and non-Defendant "Final Will-Call Witnesses" named on Plaintiff's "Final Will-Call Witness" list. Therefore, there is no need for an *in camera* inspection or additional order. Accordingly, Plaintiff's request is DENIED AS MOOT.

Finally, the Court hereby DENIES AS MOOT Plaintiff's *Motion for Production of Documents, Trial Exhibits, and Other Tangible Objects and*

---

[22] *Baldwin v. Stalder*, 137 F.3d 836, at 838 (5th Cir. 1998).
[23] *Hudson v. McMillian*, 962 F.2d 522, at 523 (5th Cir. 1992)(On remand, the Fifth Circuit held that the all of the following factors should be considered in determining whether there was an excessive use of force: the extent of the injury suffered; the need for the application of force; the relationship between the need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response).
[24] Rec. Doc. 229.

*Request for a Second Pretrial Conference Hearing*,[25] because the motion for production is identical to Rec. Doc. 228 which the Court has already ruled on herein, and the Court has already scheduled a Final Pretrial Conference for September 4, 2013.[26] Wherefore, Plaintiff's requests are DENIED AS MOOT.

Accordingly, Plaintiff's *Motion to Compel* is DENIED,[27] *Motion for Issuance of Subpoena to Defendants to Produce Tangible Objects* is GRANTED IN PART and DENIED IN PART,[28] *Motion in Limine* is GRANTED IN PART and DENIED IN PART,[29] *Motion for In Camera Inspection and Issuance of Order to Subpoena Witnesses for Civil Trial* is DENIED AS MOOT,[30] and *Motion for Production of Documents, Trial Exhibits, and Other Tangible Objects and Request for Second Pretrial Conference Hearing* is DENIED AS MOOT.[31]

Baton Rouge, Louisiana, this 27th day of August, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[25] Rec. Doc. 230.
[26] Rec. Doc. 247.
[27] Rec. Doc. 225.
[28] Rec. Doc. 228.
[29] Rec. Doc. 227.
[30] Rec. Doc. 229.
[31] Rec. Doc. 230.